UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| JUSTIN KORFF, | ) |
| | ) |
| Plaintiff, | ) Case No. 3:23-cv-02905 |
| | ) |
| v. | ) |
| | ) |
| CONTINENTAL TIRE THE AMERICAS, LLC, | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT

**NOW COMES** Justin Korff ("Plaintiff"), by and through his undersigned counsel, hereby complaining of Continental Tire the Americas, LLC ("Defendant") as follows:

## NATURE OF ACTION

1. Plaintiff brings this action under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA") and the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for: (1) Defendant's interference with Plaintiff's FMLA rights; (2) Defendant's retaliation against Plaintiff for invoking his FMLA rights; (3) discrimination on the basis of Plaintiff's disability, and (4) Defendant's retaliation against Plaintiff for engaging in activity protected by the ADA.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the FMLA and ADA are federal statutes.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this district

1

## PARTIES

4. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Franklin County, Illinois.

5. Defendant is a limited liability corporation that operates tire retail stores, including a retail store in Mount Vernon, Illinois.

6. At all times relevant, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

7. At all times relevant, Defendant was an "employer" as defined by 29 U.S.C. §2611(4).

8. Plaintiff was employed by Defendant as an "employee" as that term is defined by the ADA.

9. During the relevant time period, Defendant had at least fifteen employees, was an "employer" as defined by ADA, and was engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

## ADMINISTRATIVE PREREQUISITES

10. All conditions precedent to jurisdiction under the ADA and FMLA have been satisfied.

11. On or about April 26, 2023, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights") alleging violations of the FMLA and ADA (attached hereto as Exhibit "A").

12. On August 1, 2023, Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B") and Plaintiff filed this action within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue

## FACTUAL ALLEGATIONS

13. Plaintiff was employed by Defendant as a tire builder beginning on or around March 24, 2018 until his unlawful termination on or around April 20, 2023 on the basis of his disability and for exercising his rights under the FMLA.

14. As a passenger tire builder, Plaintiff's duties included, but were not limited to, the following:

- Measure tires to determine mold size requirements
- Set-up and adjust passenger tire building machines;
- Perform routine machine checks and alignments; and
- Work in a team environment and communicate well with supervisors.

15. Plaintiff was qualified for his position and met or exceeded performance standards for his position.

16. Specifically, Plaintiff regularly received positive feedback from Defendant regarding his work performance.

17. Plaintiff suffers from the following health conditions: pituitary adenoma (brain tumor), thoracic outlet syndrome of the shoulder, and tendinosis.

18. Plaintiff's pituitary adenoma causes vision disruption, headaches, and requires regular visits to a neurological health care provider to monitor and prevent further tumor growth, which if untreated, can be deadly.

19. Plaintiff's thoracic outlet syndrome causes immense pain and numbness from Plaintiff's neck through his shoulder and fingers and requires physical therapy.

20. Plaintiff's tendinosis similarly causes Plaintiff immense pain and inflammation as a result of damaged and improperly healed tendons.

21. Plaintiff's disabilities in conjunction with one another substantially affect his major life activities, including: his ability to move his limbs, ability to care for himself, and his ability control his cognitive functions.

22. Regardless of Plaintiff's disability, Plaintiff was able to perform the essential functions of his job with or without accommodation.

23. Plaintiff is a "qualified individual" as defined under the ADA.

24. Defendant gained knowledge of Plaintiff's disabilities on or around Plaintiff's date of hire.

25. In or around early 2023, Plaintiff succumbed to a life threatening and severe condition which required Plaintiff to take a leave from his employment with Defendant to care for his health.

26. Plaintiff duly informed Defendant of his health issues.

27. On or around April 1, 2023, Plaintiff requested and was approved for intermittent FMLA leave in the form of 1-2 days off per month for each disability-triggered episode he experienced.

28. Plaintiff supplied Defendant with all the required medical documentation necessary for FMLA leave.

29. Plaintiff's intermittent leave constitutes an accommodation for his disability.

30. Shortly after Plaintiff received approval for FMLA leave, non-disabled employees employed by Defendant began to retaliate against Plaintiff for seeking FMLA leave.

31. In one instance, Defendant's management discouraged Plaintiff from going on FMLA leave by warning Plaintiff, "You can't do this."

32. In another instance, Plaintiff's manager, Darryl (LNU, non-disabled), attempted to dissuade Plaintiff from exercising his rights under FMLA, telling Plaintiff, "Don't abuse this" while rolling his eyes.

33. On or around April 8, 2023, Defendant's Human Resources Department inexplicably requested that Plaintiff submit to a drug test despite having no reasonable basis for the request.

34. Despite being perplexed by the drug test request, Plaintiff submitted to the same.

35. Plaintiff's drug test yielded negative results and Defendant was provided with results.

36. Ultimately, on or around April 20, 2023, Defendant's Human Resources Department and Plaintiff's manager, Darryl, terminated Plaintiff's employment for various alleged offenses, including: sleeping on the job, walking around with no shoes, and stealing.

37. None of the cited offenses had any factual basis.

38. Notably, Plaintiff had no prior disciplinary actions taken against him by Defendant prior to the date of his termination.

39. Accordingly, the concocted offenses cited by Defendant as the basis for Plaintiff's termination was pre-text for disability-based discrimination and Plaintiff's invocation of his FMLA rights.

40. Other similarly situated employees that were not disabled were not subject to the same disparate treatment as Plaintiff.

41. Defendant interfered with Plaintiff's FMLA rights by terminating Plaintiff's employment instead of granting him the benefits available to him under the FMLA.

42. Defendant's termination of Plaintiff's employment constitutes disability discrimination and retaliation under the ADA and the FMLA for Plaintiff engaging in protected activity (taking and utilizing FMLA leave for his disability).

43. As a result of Defendant's conduct, Plaintiff suffered and continues to suffer the following damages: loss of employment, loss of income, loss of employment benefits, mental anguish, emotional distress, humiliation, financial instability, and loss of enjoyment of life.

## COUNT I
### Violation of the Family and Medical Leave Act
### (FMLA Interference - Unlawful Denial of FMLA Rights)

44. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

45. On March 24, 2019, Plaintiff was eligible for FMLA leave.

46. A set forth above, Plaintiff provided Defendant with notice of his health condition and his need to take time off from his employment with Defendant. .

47. Defendant controlled Plaintiff's work schedule and conditions of employment.

48. Plaintiff provided sufficient information for Defendant to conclude that Plaintiff's requested leave may be covered by the FMLA.

49. Despite its knowledge of Plaintiff's medical condition and life threatening situation, Defendant interfered with Plaintiff's intermittent and approved FMLA leave by terminating Plaintiff's employment.

50. Despite Plaintiff's FMLA eligibility, Defendant unlawfully denied Plaintiff his rights under the FMLA by terminating his employment.

51. Defendant acted in willful and/or reckless disregard of Plaintiff's rights under the FMLA.

52. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

## COUNT II
## Violation of the Family Medical Leave Act
## (FMLA Retaliation)

53. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

54. Defendant unlawfully retaliated against Plaintiff for invoking his FMLA rights by terminating Plaintiff's employment.

55. As set forth above, Defendant terminated Plaintiff for baseless offenses shortly after Plaintiff requested FMLA leave.

56. Defendant intentionally engaged in an unlawful employment practice in violation of the FMLA by retaliating against Plaintiff for invoking his FMLA rights.

57. Plaintiff's request for medical leave pursuant to the FMLA was a direct and proximate cause of Plaintiff's termination.

58. As set for above, Plaintiff suffered damages as a result of Defendant's unlawful conduct.

## COUNT III
## Violation of the Americans with Disabilities Act
## (Disability-Based Discrimination)

59. Plaintiff repeats and re-alleges all the preceding paragraphs as if fully stated herein.

60. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability in violation of the ADA.

61. As set forth above, Plaintiff met or exceeded performance expectations.

62. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

63. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

64. Defendant's conduct towards Plaintiff demonstrates a willful and/or reckless violation of the ADA.

65. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

66. As set for above, Plaintiff suffered damages as a result of Defendant's unlawful conduct.

## COUNT IV
### Violation of the Americans with Disabilities Act
### (Retaliation)

67. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

68. Plaintiff is a member of a protected class under 42 U.S.C. §12101, *et seq.*

69. During Plaintiff's employment with Defendant, Plaintiff requested and attempted to utilize approved accommodations in the form of intermittent leave in order to care for his disability-triggered episodes.

70. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the ADA.

71. Defendant retaliated against Plaintiff for exercising her rights under the ADA by terminating his employment and depriving him of his rights under the ADA.

72. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

73. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights under the ADA.

74. As set forth above, Plaintiff suffered damages as a result of Defendant's unlawful retaliation.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff requests the following relief

    a.    Judgment in Plaintiff's favor and against Defendants;

    b.    An award of back pay and benefits;

    c.    An award of interest on back pay and benefits;

    d.    An award of front pay and benefits;

    e.    An award of compensatory damages for emotional distress and pain and suffering;

    f.    An award of pre-judgment and post-judgment interest;

    g.    An award of liquidated damages;

    h.    An award of punitive damages;

    i.    An award of reasonable attorney's fees and costs; and

    j.    Any further relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: August 23, 2023

Respectfully Submitted,

/s/ *Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Ste. 200
Lombard, IL 60148
Phone (630) 575-8180
mbadwan@sulaimanlaw.com
*Counsel for Plaintiff*