UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| JUSTIN KORFF, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:23-cv-02905 |
| ) | |
| v. ) | |
| ) | |
| CONTINENTAL TIRE ) | |
| THE AMERICAS, LLC, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT CONTINENTAL TIRE THE AMERICAS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Continental Tire the Americas, LLC ("Continental") states the following in answer to Plaintiff Justin Korff's Complaint. Continental states that an allegation not expressly admitted in this Answer is denied.

## NATURE OF ACTION

1. Plaintiff brings this action under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA") and the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for: (1) Defendant's interference with Plaintiff's FMLA rights; (2) Defendant's retaliation against Plaintiff for invoking his FMLA rights; (3) discrimination on the basis of Plaintiff's disability, and (4) Defendant's retaliation against Plaintiff for engaging in activity protected by the ADA.

**ANSWER:** Continental admits that Plaintiff purports to bring this action under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA") and the Americans with Disabilities Act of 1990, as amended ("ADA"). Continental denies all remaining allegations in Paragraph 1 and specifically denies that it committed or engaged in any unlawful practices, actions, or omissions that would give rise to this action, and denies that Plaintiff has any cognizable claims under any law.

1

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the FMLA and ADA are federal statutes.

**ANSWER:** Paragraph 2 states legal conclusions to which no response is required. To the extent a response is deemed required, Continental admits that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, as the FMLA and the ADA are federal statutes.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**ANSWER:** Paragraph 3 states legal conclusions to which no response is required. To the extent a response is deemed required, Continental admits that venue in the United States District Court for the Southern District of Illinois is proper. Continental denies the remaining allegations in Paragraph 3.

## PARTIES

4. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Franklin County, Illinois.

**ANSWER:** Continental admits that Plaintiff is a natural person over 18 years of age. Continental is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 and therefore denies the same.

5. Defendant is a limited liability corporation that operates tire retail stores, including a retail store in Mount Vernon, Illinois.

**ANSWER:** Continental admits that it is a limited liability company and operates a tire manufacturing plant in Mount Vernon, Illinois. Continental denies the remaining allegations in Paragraph 5.

6. At all times relevant, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

**ANSWER**: Paragraph 6 states legal conclusions to which no response is required. To the extent a response is deemed required, Continental denies the allegations in Paragraph 6.

7. At all times relevant, Defendant was an "employer" as defined by 29 U.S.C. §2611(4).

**ANSWER**: Paragraph 7 states legal conclusions to which no response is required. To the extent a response is deemed required, Continental admits that it is engaged in an industry affecting commerce and has employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

8. Plaintiff was employed by Defendant as an "employee" as that term is defined by the ADA.

**ANSWER:** Paragraph 8 states legal conclusions to which no response is required. To the extent a response is deemed required, Continental admits that it employed Plaintiff.

9. During the relevant time period, Defendant had at least fifteen employees, was an "employer" as defined by ADA, and was engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

**ANSWER**: Paragraph 9 states legal conclusions to which no response is required. To the extent a response is deemed required, Continental admits that it is engaged in an industry affecting commerce and has employed 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

## ADMINISTRATIVE PREREQUISITES

10. All conditions precedent to jurisdiction under the ADA and FMLA have been satisfied.

**ANSWER**: Paragraph 10 states legal conclusions to which no response is required. To the extent a response is deemed required, Continental denies the allegations in Paragraph 10.

11. On or about April 26, 2023, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights") alleging violations of the FMLA and ADA (attached hereto as Exhibit "A").

**ANSWER**: Continental admits that, on or about April 27, 2023, Plaintiff dual-filed a charge with the Equal Employment Opportunity Commission and the Illinois Department of Human Rights, alleging violations of the ADA. Continental denies all remaining allegations in Paragraph 11.

12. On August 1, 2023, Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B") and Plaintiff filed this action within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

**ANSWER**: Continental admits that the EEOC issued a Notice of Right to Sue (issued on request) on August 1, 2023, and that Plaintiff filed this action within 90 days of August 1, 2023. Continental is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 and therefore denies the same.

## FACTUAL ALLEGATIONS

13. Plaintiff was employed by Defendant as a tire builder beginning on or around March 24, 2018 until his unlawful termination on or around April 20, 2023 on the basis of his disability and for exercising his rights under the FMLA.

**ANSWER**: Continental admits that Plaintiff was employed by Continental as a Passenger Tire Builder from March 26, 2018, until April 20, 2023. Continental denies all remaining allegations in Paragraph 13 and specifically denies that Continental unlawfully discharged Plaintiff.

14. As a passenger tire builder, Plaintiff's duties included, but were not limited to, the following:

- Measure tires to determine mold size requirements;
- Set-up and adjust passenger tire building machines;
- Perform routine machine checks and alignments; and
- Work in a team environment and communicate well with supervisors.

**ANSWER**: Continental admits that, as a Passenger Tire Builder, Plaintiff's job duties included, but were not limited to, effectively communicating with supervision and set-up personnel, running/operating all tire building machines and any support machinery in the

4

department, ensuring the quality and quantity of the components produced, and conducting repairs to equipment as needed. Continental denies all remaining allegations in Paragraph 14.

15. Plaintiff was qualified for his position and met or exceeded performance standards for his position.

**ANSWER**: Continental denies the allegations in Paragraph 15.

16. Specifically, Plaintiff regularly received positive feedback from Defendant regarding his work performance.

**ANSWER**: Continental denies the allegations in Paragraph 16.

17. Plaintiff suffers from the following health conditions: pituitary adenoma (brain tumor), thoracic outlet syndrome of the shoulder, and tendinosis.

**ANSWER**: Continental is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies the same.

18. Plaintiff's pituitary adenoma causes vision disruption, headaches, and requires regular visits to a neurological health care provider to monitor and prevent further tumor growth, which if untreated, can be deadly.

**ANSWER**: Continental is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies the same.

19. Plaintiff's thoracic outlet syndrome causes immense pain and numbness from Plaintiff's neck through his shoulder and fingers and requires physical therapy.

**ANSWER**: Continental is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies the same.

20. Plaintiff's tendinosis similarly causes Plaintiff immense pain and inflammation as a result of damaged and improperly healed tendons.

**ANSWER**: Continental is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies the same.

21. Plaintiff's disabilities in conjunction with one another substantially affect his major life activities, including: his ability to move his limbs, ability to care for himself, and his ability control his cognitive functions.

**ANSWER**: Continental denies the allegations in Paragraph 21.

22. Regardless of Plaintiff's disability, Plaintiff was able to perform the essential functions of his job with or without accommodation.

**ANSWER:** Continental denies the allegations in Paragraph 22.

23. Plaintiff is a "qualified individual" as defined under the ADA.

**ANSWER:** Continental denies the allegations in Paragraph 23.

24. Defendant gained knowledge of Plaintiff's disabilities on or around Plaintiff's date of hire.

**ANSWER:** Continental denies the allegations in Paragraph 24.

25. In or around early 2023, Plaintiff succumbed to a life threatening and severe condition which required Plaintiff to take a leave from his employment with Defendant to care for his health.

**ANSWER:** Continental denies that Plaintiff took any FMLA leave in 2023. Continental is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and therefore denies the same.

26. Plaintiff duly informed Defendant of his health issues.

**ANSWER:** Continental denies the allegations in Paragraph 26.

27. On or around April 1, 2023, Plaintiff requested and was approved for intermittent FMLA leave in the form of 1-2 days off per month for each disability-triggered episode he experienced.

**ANSWER:** Continental admits that on March 31, 2023, Plaintiff submitted a request for FMLA leave due to his alleged, own serious health condition. Continental further admits that on April 17, 2023, Continental approved Plaintiff for the use of intermittent FMLA leave in the form of an estimated 1–2 days off per month for each episode related to Plaintiff's alleged, own serious health condition. Continental denies all remaining allegations in Paragraph 27.

28. Plaintiff supplied Defendant with all the required medical documentation necessary for FMLA leave.

**ANSWER:** Continental denies the allegations in Paragraph 28.

29. Plaintiff's intermittent leave constitutes an accommodation for his disability.

**ANSWER:** Paragraph 29 states legal conclusions to which no response is required. To the extent a response is deemed required, Continental admits that it provided Plaintiff with intermittent leave and complied with all of its obligations under both the ADA and the FMLA. Continental denies the remaining allegations in Paragraph 29.

30. Shortly after Plaintiff received approval for FMLA leave, non-disabled employees employed by Defendant began to retaliate against Plaintiff for seeking FMLA leave.

**ANSWER:** Continental denies the allegations in Paragraph 30.

31. In one instance, Defendant's management discouraged Plaintiff from going on FMLA leave by warning Plaintiff, "You can't do this."

**ANSWER:** Continental denies the allegations in Paragraph 31.

32. In another instance, Plaintiff's manager, Darryl (LNU, non-disabled), attempted to dissuade Plaintiff from exercising his rights under FMLA, telling Plaintiff, "Don't abuse this" while rolling his eyes.

**ANSWER:** Continental denies the allegations in Paragraph 32.

33. On or around April 8, 2023, Defendant's Human Resources Department inexplicably requested that Plaintiff submit to a drug test despite having no reasonable basis for the request.

**ANSWER:** Continental admits that on April 7, 2023, Continental requested that Plaintiff submit to a drug test after Plaintiff was found asleep while he was on the clock. Continental denies all remaining allegations in Paragraph 33 and specifically denies that it had no reasonable basis for this request.

34. Despite being perplexed by the drug test request, Plaintiff submitted to the same.

**ANSWER:** Continental admits that Plaintiff agreed to submit to a drug test and submitted to a drug test on April 7, 2023. Continental denies the remaining allegations in Paragraph 34.

35. Plaintiff's drug test yielded negative results and Defendant was provided with results.

**ANSWER:** Continental admits that a Medical Review Officer determined that Plaintiff's April 7, 2023, drug test results were "negative" for the drugs and drug metabolites included in the testing panel, and that Continental was provided with those results. Continental denies the remaining allegations set forth in Paragraph 35.

36. Ultimately, on or around April 20, 2023, Defendant's Human Resources Department and Plaintiff's manager, Darryl, terminated Plaintiff's employment for various alleged offenses, including: sleeping on the job, walking around with no shoes, and stealing.

**ANSWER:** Continental admits that Continental terminated Plaintiff's employment, effective April 20, 2023, for stealing Continental property, sleeping on the job, smoking on the job, and not wearing steel-toed shoes while in work areas, all in violation of Continental's policies. Continental admits that Continental's Human Relations Department and Darrel Kehrer (Plant IV Lead Supervisor) communicated this termination decision to Plaintiff. Continental denies the remaining allegations in Paragraph 36.

37. None of the cited offenses had any factual basis.

**ANSWER:** Continental denies the allegations in Paragraph 37.

38. Notably, Plaintiff had no prior disciplinary actions taken against him by Defendant prior to the date of his termination.

**ANSWER:** Continental denies the allegations in Paragraph 38.

39. Accordingly, the concocted offenses cited by Defendant as the basis for Plaintiff's termination was pre-text for disability-based discrimination and Plaintiff's invocation of his FMLA rights.

**ANSWER:** Continental denies the allegations in Paragraph 39.

40. Other similarly situated employees that were not disabled were not subject to the same disparate treatment as Plaintiff.

**ANSWER:** Continental denies the allegations in Paragraph 40.

41.     Defendant interfered with Plaintiff's FMLA rights by terminating Plaintiff's employment instead of granting him the benefits available to him under the FMLA.

**ANSWER:** Continental denies the allegations in Paragraph 41.

42.     Defendant's termination of Plaintiff's employment constitutes disability discrimination and retaliation under the ADA and the FMLA for Plaintiff engaging in protected activity (taking and utilizing FMLA leave for his disability).

**ANSWER:** Continental denies the allegations in Paragraph 42.

43.     As a result of Defendant's conduct, Plaintiff suffered and continues to suffer the following damages: loss of employment, loss of income, loss of employment benefits, mental anguish, emotional distress, humiliation, financial instability, and loss of enjoyment of life.

**ANSWER:** Continental denies the allegations in Paragraph 43, denies that Plaintiff has suffered any damages whatsoever attributable to Continental, and denies that Plaintiff is entitled to any relief whatsoever whether in law or in equity.

## COUNT I

### Violation of the Family and Medical Leave Act
### (FMLA Interference - Unlawful Denial of FMLA Rights)

44.     Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

**ANSWER:** Continental incorporates and adopts by reference herein all preceding paragraphs of its Answer, including its responses to Plaintiff's allegations in Paragraphs 1–43.

45.     On March 24, 2019, Plaintiff was eligible for FMLA leave.

**ANSWER:** Paragraph 45 states legal conclusions to which no response is required. To the extent a response is deemed required, Continental admits that Plaintiff had worked at least 1,250 hours within the 12 months preceding March 26, 2019. Continental denies all remaining allegations in Paragraph 45.

46.     A set forth above, Plaintiff provided Defendant with notice of his health condition and his need to take time off from his employment with Defendant.

**ANSWER:** Continental admits that Plaintiff provided Continental with notice of his alleged, own serious health condition and his alleged need to take time off from work on

9

February 19, 2021, and April 7, 2023; but, on other occasions when Plaintiff requested FMLA leave for his alleged, own serious health condition, he failed to provide sufficient notice of his health condition and/or of his need to take time off from employment. Continental denies all remaining allegations in Paragraph 46.

47. Defendant controlled Plaintiff's work schedule and conditions of employment.

**ANSWER:** Continental admits that it exercised some control over Plaintiff's work schedule and certain conditions of his employment. The remaining allegations in Paragraph 47 are vague and ambiguous and, as such, Continental is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies the same.

48. Plaintiff provided sufficient information for Defendant to conclude that Plaintiff's requested leave may be covered by the FMLA.

**ANSWER:** Continental admits that some of Plaintiff's requests for FMLA leave provided sufficient information for Continental to grant such requests on March 3, 2021, May 17, 2021, July 1, 2021, October 28, 2021, and April 17, 2023; but Plaintiff's other requests for FMLA leave did not provide such sufficient information. Continental denies the remaining allegations in Paragraph 48.

49. Despite its knowledge of Plaintiff's medical condition and life threatening situation, Defendant interfered with Plaintiff's intermittent and approved FMLA leave by terminating Plaintiff's employment.

**ANSWER:** Continental denies the allegations in Paragraph 49.

50. Despite Plaintiff's FMLA eligibility, Defendant unlawfully denied Plaintiff his rights under the FMLA by terminating his employment.

**ANSWER:** Continental denies the allegations in Paragraph 50.

51. Defendant acted in willful and/or reckless disregard of Plaintiff's rights under the FMLA.

**ANSWER:** Continental denies the allegations in Paragraph 51.

52. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**ANSWER:** Continental denies the allegations in Paragraph 52, denies that Plaintiff has suffered any damages whatsoever attributable to Continental, and denies that Plaintiff is entitled to any relief whatsoever whether in law or in equity.

## COUNT II

### Violation of the Family Medical Leave Act
### (FMLA Retaliation)

53. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

**ANSWER:** Continental incorporates and adopts by reference herein all preceding paragraphs of its Answer, including its responses to Plaintiff's allegations in Paragraphs 1–52.

54. Defendant unlawfully retaliated against Plaintiff for invoking his FMLA rights by terminating Plaintiff's employment.

**ANSWER:** Continental denies the allegations in Paragraph 53.

55. As set forth above, Defendant terminated Plaintiff for baseless offenses shortly after Plaintiff requested FMLA leave.

**ANSWER:** Continental denies the allegations in Paragraph 55.

56. Defendant intentionally engaged in an unlawful employment practice in violation of the FMLA by retaliating against Plaintiff for invoking his FMLA rights.

**ANSWER:** Continental denies the allegations in Paragraph 56.

57. Plaintiff's request for medical leave pursuant to the FMLA was a direct and proximate cause of Plaintiff's termination.

**ANSWER:** Continental denies the allegations in Paragraph 57.

58. As set for above, Plaintiff suffered damages as a result of Defendant's unlawful conduct.

**ANSWER:** Continental denies the allegations in Paragraph 58, denies that Plaintiff has suffered any damages whatsoever attributable to Continental, and denies that Plaintiff is entitled to any relief whatsoever whether in law or in equity.

## COUNT III

### Violation of the Americans with Disabilities Act
### (Disability-Based Discrimination)

59. Plaintiff repeats and re-alleges all the preceding paragraphs as if fully stated herein.

**ANSWER:** Continental incorporates and adopts by reference herein all preceding paragraphs of its Answer, including its responses to Plaintiff's allegations in Paragraphs 1–58.

60. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability in violation of the ADA.

**ANSWER:** Continental denies the allegations in Paragraph 60.

61. As set forth above, Plaintiff met or exceeded performance expectations.

**ANSWER:** Continental denies the allegations in Paragraph 61.

62. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

**ANSWER:** Continental denies the allegations in Paragraph 62.

63. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

**ANSWER:** Continental denies the allegations in Paragraph 63.

64. Defendant's conduct towards Plaintiff demonstrates a willful and/or reckless violation of the ADA.

**ANSWER:** Continental denies the allegations in Paragraph 64.

65. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

**ANSWER:** Continental denies the allegations in Paragraph 65.

66. As set for above, Plaintiff suffered damages as a result of Defendant's unlawful conduct.

**ANSWER:** Continental denies the allegations in Paragraph 66, denies that Plaintiff has suffered any damages whatsoever attributable to Continental, and denies that Plaintiff is entitled to any relief whatsoever whether in law or in equity.

## COUNT IV

### Violation of the Americans with Disabilities Act
### (Retaliation)

67. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

**ANSWER**: Continental incorporates and adopts by reference herein all preceding paragraphs of its Answer, including its responses to Plaintiff's allegations in Paragraphs 1–66.

68. Plaintiff is a member of a protected class under 42 U.S.C. §12101, *et seq.*

**ANSWER**: Paragraph 68 states legal conclusions to which no response is required. To the extent a response is deemed required, Continental denies the allegations in Paragraph 68.

69. During Plaintiff's employment with Defendant, Plaintiff requested and attempted to utilize approved accommodations in the form of intermittent leave in order to care for his disability-triggered episodes.

**ANSWER**: Continental admits that, during Plaintiff's employment with Continental, Plaintiff requested and was approved, on March 3, 2021, and April 17, 2023, for FMLA leave to care for his alleged, own serious health condition. Continental denies all remaining allegations in Paragraph 69.

70. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the ADA.

**ANSWER**: Paragraph 70 states legal conclusions to which no response is required. To the extent a response is deemed required, Continental denies the allegations in Paragraph 70.

71. Defendant retaliated against Plaintiff for exercising her rights under the ADA by terminating his employment and depriving him of his rights under the ADA.

**ANSWER**: Continental denies the allegations in Paragraph 71.

72. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

**ANSWER**: Continental denies the allegations in Paragraph 72.

73. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights under the ADA.

**ANSWER:** Continental denies the allegations in Paragraph 73.

74. As set forth above, Plaintiff suffered damages as a result of Defendant's unlawful retaliation.

**ANSWER:** Continental denies the allegations in Paragraph 74, denies that Plaintiff has suffered any damages whatsoever attributable to Continental, and denies that Plaintiff is entitled to any relief whatsoever whether in law or in equity.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests the following relief:

a. Judgment in Plaintiff's favor and against Defendants;
b. An award of back pay and benefits;
c. An award of interest on back pay and benefits;
d. An award of front pay and benefits;
e. An award of compensatory damages for emotional distress and pain and suffering;
f. An award of pre-judgment and post-judgment interest;
g. An award of liquidated damages;
h. An award of punitive damages;
i. An award of reasonable attorney's fees and costs; and
j. Any further relief this Court may deem just and equitable.

**ANSWER:** Continental denies the allegations in the WHEREFORE Paragraph of Plaintiff's Complaint and further denies that Plaintiff is entitled to any relief whatsoever whether in law or in equity.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

**ANSWER:** Continental admits that Plaintiff demands a trial by jury.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering, and in defense of Plaintiff's lawsuit, Continental states as follows:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by applicable statutes of limitation or other periods of limitation.

3. Plaintiff's claims are barred to the extent he failed to exhaust administrative remedies prior to filing his Complaint, including failing to file an administrative charge within 300 days of the allegedly discriminatory and/or retaliatory actions.

4. Plaintiff's claims are barred to the extent they were not set forth in his administrative charge, they are not reasonably related to the claims set forth in his administrative charge, and/or they were not developed by reasonable investigation of his administrative charge.

5. Plaintiff's claims are barred to the extent he failed to exhaust internal and/or contractual remedies prior to filing his Complaint.

6. Plaintiff's claims are barred by the doctrine of laches, waiver, estoppel, and/or unclean hands.

7. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

8. Plaintiff's claims are barred because Continental did not cause or contribute to any damages, loss, or injury allegedly sustained by Plaintiff.

9. All of the decisions made or actions taken with respect to Plaintiff were justified by legitimate, non-discriminatory, non-retaliatory, business reasons.

10. Pleading in the alternative, any of the decisions made or actions taken with respect to Plaintiff were made/taken with the good-faith belief that such actions complied with all applicable laws.

11. Plaintiff's claims are barred because even if an impermissible substantial or motivating factor had caused any decision or action taken by Continental, which Continental

expressly denies, Continental would have taken the same action in the absence of any impermissible substantial or motivating factor.

12. Any injury to Plaintiff, the existence of which Continental specifically denies, was caused by Plaintiff and/or by third parties over whom Continental had no control.

13. Any injury to Plaintiff, the existence of which Continental specifically denies, was not caused by an employee or agent of Continental while acting in the course and scope of their employment with Continental.

14. Pleading hypothetically and in the alternative, to the extent Plaintiff was damaged, which damages Continental specifically denies, Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to satisfy his duty to mitigate those damages.

15. To the extent that Plaintiff recovers any damages based on his claims, the existence of which Continental specifically denies, Continental is entitled to a set-off or credit for amounts Plaintiff earned or could have earned if he had mitigated his claimed damages.

16. Pleading in the alternative, Plaintiff's claims are barred in whole or in part by the doctrine of after-acquired evidence. To the extent after-acquired evidence is discovered, Plaintiff's damages are cut off as of the time such after-acquired evidence is discovered.

17. Plaintiff's claims fail because Plaintiff failed to provide proper notice as required by the FMLA.

18. Plaintiff's claims fail because Plaintiff was not a qualified individual with a disability.

19. Plaintiff's claims fail because Plaintiff posed a direct threat to the health and safety of himself or others in his employment with Continental.

20. Plaintiff's claims are barred to the extent that he failed to control a controllable disability.

21. Plaintiff's claims are barred to the extent that he failed to submit to a medical evaluation.

22. Plaintiff's claims fail because even if Plaintiff were a qualified individual with a disability, there was no reasonable accommodation that would have allowed Plaintiff to perform the essential functions of his job.

23. No actions taken by Continental were willful or wanton or made with evil motive or reckless indifference to the rights of others.

24. Punitive damages are not recoverable in this action, and Plaintiff fails to state a claim upon which punitive damages may be granted.

25. Plaintiff is not entitled to any recovery of punitive damages against Continental because an award of punitive damages would violate the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and would violate the Illinois Constitution.

26. Continental's actions with respect to Plaintiff were not in bad faith, and Continental had objectively reasonable grounds to believe that its actions were lawful.

27. Granting Plaintiff's demands in the lawsuit would result in unjust enrichment.

28. Continental expressly denies each and every allegation in Plaintiff's Petition not specifically admitted.

29. Because Continental has yet to avail itself of the right to discovery, and does not fully know the circumstances of the alleged incidents described in Plaintiff's lawsuit, Continental hereby notifies Plaintiff that until it can avail itself of discovery, it cannot be determined whether Continental will assert the above-stated affirmative defenses at trial or whether those will be the

only such defenses asserted. Such defenses are, however, asserted herein in order to preserve Continental's right to assert such defenses and to avoid waiver of any such defenses. Continental expressly reserves the right to plead any additional affirmative defenses as may become appropriate and/or necessary.

WHEREFORE, having fully answered the allegations in Plaintiff's Complaint, Continental requests that this Court enter a final judgment dismissing Plaintiff's Complaint in its entirety, with prejudice, in favor of Continental, award Continental its attorneys' fees and court costs incurred herein, and grant such additional relief as the Court deems just and proper under the circumstances.

Dated: October 19, 2023                                   Respectfully Submitted,

                                                          HUSCH BLACKWELL LLP

                                                          */s/ Kaytlin E. Kopen*
                                                          Kaytlin E. Kopen, IL Bar No. 6319305
                                                          Christina T.S. Bruno, MO Bar No. 74587
                                                          8001 Forsyth Boulevard, Suite 1500
                                                          St. Louis, Missouri 63105
                                                          Phone: (314) 480-1500
                                                          kayt.kopen@huschblackwell.com
                                                          christina.bruno@huschblackwell.com

                                                          *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that a copy of the foregoing was filed via the Court's electronic filing system and thereby electronically served on the following counsel of record on this 19th day of October 2023:

Mohammed O. Badwan, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: (630) 575-8180
mbadwan@sulaimanlaw.com

*Attorney for Plaintiff*

/s/ *Kaytlin E. Kopen*