IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN KORFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-2905-SMY |
| | ) |
| CONTINENTAL TIRE THE AMERICAS, LLC, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Justin Korff filed the instant lawsuit against his former employer Continental Tire The Americas LLC ("Continental") alleging violations of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA") and the American with Disabilities Act of 1990 ("ADA"). This case is now before the Court for consideration of Continental's Motion for Sanctions (Doc. 27), which Korff opposes (Doc. 31).

On September 27, 2024, Continental noticed Korff's deposition for October 23, 2024 at 10:00 a.m. at the Hilton DoubleTree in Mount Vernon, Illinois. Korff was arrested on October 23, 2024, around 7:00 a.m. for allegedly violating a protective order. He was incarcerated at the Franklin County jail in Benton, Illinois from the morning of October 23, 2024 until the morning of October 24, 2024. Korff did not attend his scheduled deposition due to his incarceration. Korff also failed to communicate with his attorney for a period following his incarceration. Korff asserts that he did not have access to his cellphone and was unable to access his email during that time. He maintains that he intends to attend his deposition and prosecute this case.

Continental contends Korff should pay the costs and fees incurred for his deposition in the amount of $2,186.47 and attorneys' fees associated with bringing the instant motion. It also seeks the dismissal of Korff's case with prejudice as a sanction.

A case may be dismissed pursuant to Rule 37 of the Federal Rules of Civil Procedure when the Court finds "willfulness, bad faith or fault on the part of the defaulting party." *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011). However, the sanction of dismissal must be "proportionate to the circumstances." *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009) (Sanction of dismissal was proper when plaintiff, who had previously given incomplete answers to the interrogatories and ignored requests for production of documents, walked out of her deposition without answering any questions).

Here, Korff was unable to attend his deposition due to his incarceration – his absence was not willful or in bad faith. As such, the draconian sanction of dismissal or requiring Korff to pay deposition costs are not warranted. Korff has indicated that he will make himself available to sit for his deposition and intends to proceed with this case. Therefore, the motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED: May 30, 2025**

**STACI M. YANDLE**
**United States District Judge**